**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN KWESELE,

        Plaintiff-Appellant,

  v.

KING COUNTY; et al.,

        Defendants-Appellees,

 and

DOES, I through X  inclusive,

        Defendant.

No.    19-35398

D.C. No. 2:17-cv-01426-RAJ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted April 28, 2020
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John Kwesele alleges that his two probation extensions and termination were motivated by racial discrimination and retaliation for his complaints of racial hostility in the workplace. He appeals from the district court's order granting summary judgment in favor of Defendants King County, Josh Shields, Tom Jones, Terry Rhoads, and Michael Avery on his racial-discrimination and retaliation claims brought under 42 U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. To hold King County liable under § 1981, Kwesele must show that his "injury resulted from an official 'policy or custom.'" *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1205 (9th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (finding that a decision of an official with final policymaking authority "represents an act of official government 'policy'"). Kwesele has not demonstrated that the alleged acts of discrimination and retaliation resulted from either "a rule or regulation promulgated, adopted, or ratified by" King County or a "'permanent and well-settled' practice" of discriminatory or retaliatory discipline on the basis of race. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1989) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion)), *overruled on other*

*grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc). Nor has he shown that these actions were taken by employees with final policymaking authority over these types of employment decisions. *See McMillian v. Monroe County*, 520 U.S. 781, 786 (1997) (explaining that the determination of whether an official has final policymaking authority "will necessarily be dependent on the definition of the official's functions under relevant state law"); *Barone v. City of Springfield*, 902 F.3d 1091, 1107 (9th Cir. 2018) ("'Authority to make municipal policy may be granted directly by a legislative enactment' or 'delegated by an official who possesses such authority.'" (quoting *Pembaur*, 475 U.S. at 483)). Accordingly, Kwesele's § 1981 claims against King County fail.

2.     To prevail against the individual defendants, Kwesele "must prove that [they] acted with intent to discriminate" or to retaliate against him in participating in the decisions to extend his probation or terminate his employment. *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1180 (9th Cir. 1998) (per curiam); *see also CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008) ("[Section] 1981 encompasses claims of retaliation."); *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("We conclude, therefore, that § 1981 . . . can be violated only by purposeful discrimination."). There is no evidence that Shields played any role in the challenged adverse employment decisions. And

3

although Jones, Rhoads, and Avery each participated in one or more of these decisions, Kwesele has failed to produce any direct evidence or specific and substantial circumstantial evidence to support an inference that they participated with the intent to discriminate or to retaliate against him. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690 (9th Cir. 2017) (explaining that a plaintiff may survive summary judgment by "produc[ing] direct or circumstantial evidence demonstrating that a discriminatory reason 'more likely than not motivated' the [defendant]" (quoting *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007))); *see also Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) ("[W]hen the plaintiff relies on circumstantial evidence, that evidence must be 'specific and substantial' to defeat the [defendant's] motion for summary judgment." (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998))).[1] Therefore, his claims against the individual defendants also fail.

**AFFIRMED.**

---

[1] Because Kwesele has failed to demonstrate that the individual defendants participated in the challenged adverse employment decisions with the intent to discriminate or to retaliate against him, we need not address whether racial discrimination or retaliation was the "but for" cause of Kwesele's injuries. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("To prevail [under § 1981], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.").